Filed 6/18/14  P. v. Tor CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JERRY TOR,<br><br>    Defendant and Appellant. | G048601<br><br>(Super. Ct. No. 12NF0314)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Terri K. Flynn-Peister, Judge.  Affirmed.

Melanie K. Dorian, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant Jerry Tor of possession of methamphetamine for sale (Health & Saf. Code, § 11378 (section 11378)), and then he admitted a prior possession of methamphetamine for sale conviction (Health & Saf. Code, § 11370.2, subd. (c)) and a prior serious felony conviction (Pen. Code, §§ 667, subds. (d), (e)(1), 1170.12, subds. (b), (c)(1)).  The trial court sentenced defendant to seven years in prison.  On appeal, defendant contends the trial court abused its discretion by admitting evidence of his prior possession for sale conviction.  We disagree.

**FACTUAL AND PROCEDURAL BACKGROUND**

*1.  Charged Possession for Sale Offense*

One afternoon in January 2012, Fullerton Police Detective Kenneth Edgar saw codefendant David Casey leave his house in Fullerton and cross the street.  Casey was on parole for possession of methamphetamine for sale.  Detective Edgar searched Casey and found his cell phone.  Detective Edgar told Casey he was going to conduct a parole search of his house, and Casey said his friend Jerry would be in the living room.

Fullerton Police Sergeant Bradley approached the house and knocked on the door.  Defendant came to the window next to the door.  As a ruse to get defendant to open the door, Sergeant Bradley held up a pair of prescription glasses and asked defendant whether they belonged to him.  Defendant said no and did not open the door.  Sergeant Bradley then identified himself and defendant opened the door.

When defendant opened the door, Detective Edgar was standing next to Sergeant Bradley within two to three feet of the threshold and had a clear view.  Defendant's right arm was behind the door, and Detective Edgar could only see part of his shoulder and upper torso.  As the door was opening, Detective Edgar saw defendant make a "lateral movement to the right," consistent with throwing something.

2

Seeing this, the officers entered and searched the house. There was a couch in the living room, about three to four feet from the door, in the same direction as defendant had made the throwing motion. On the couch, there was a methamphetamine pipe, a clear plastic baggie containing 11.53 grams of methamphetamine, two $20 bills, and defendant's cell phone. There was also a lighter on a coffee table near the couch.

The house had two bedrooms. In the back bedroom officers found defendant's girlfriend Annie Reed sleeping, and a methamphetamine pipe. In the other bedroom officers found Casey's wallet, $1,224 in cash, a plastic bindle containing 3.33 grams of methamphetamine, a bindle made from a cigarette carton wrapper with the ends burned containing 0.4 grams of methamphetamine, and a baggie containing 0.2 grams of methamphetamine.

Fullerton Police Detective Pedram Gharah searched defendant and found a digital scale and a small plastic bag that had been ripped off of another bag and had burn marks on one end. Detective Gharah heard defendant's cell phone ring about 20 times and heard Casey's cell phone ring about 20 times. Each time defendant's cell phone would ring, the same person would then call Casey's cell phone. Detective Gharah asked defendant for the code to unlock his cell phone and defendant said he forgot it.

Detective Edgar testified as an expert and opined defendant possessed the methamphetamine found with the intent to sell based on the large quantity, the bindles made of burned plastic bags and the other packaging materials, the digital scale, and the cigarette lighter. Detective Edgar explained bindles are often made by cutting off the corner of a plastic bag, burning one side with a lighter to seal it, adding the methamphetamine, and then burning the other side to seal it. Detective Edgar also found the ringing cell phones significant.

3

Casey testified he and defendant were friends. Defendant was not living at the house but would sometimes visit, and Reed was Casey's landlord. Casey admitted he was a drug dealer, and had several prior possession of methamphetamine for sale convictions. Casey claimed all of the items found during the search belonged to him. He denied any of those items belonged to defendant, that defendant was his "drug dealing buddy," or that defendant was involved in drug sales.

Casey pleaded guilty in this case. The factual basis in the plea agreement admitted into evidence states: "[O]n 1-30-12 I along w/Jerry Tor possessed for possession of sale a usable amount of methamphetamine." Casey insisted the factual basis was not true to the extent that it implicated defendant. Casey explained his attorney had advised him that unless he implicated defendant, Casey would not be able to take advantage of the plea deal.

2. *Prior Possession for Sale Offense*

Before trial, the prosecutor moved to introduce evidence of defendant's 2002 possession of methamphetamine for sale conviction under Evidence Code section 1101, subdivision (b). The prosecutor argued the prior conviction evidence was relevant to "intent, knowledge, and absence of mistake" because the anticipated defense was "all of the drugs belonged to . . . Casey. . . . "

Defendant's trial counsel argued the prior conviction evidence was inadmissible under Evidence Code section 1101, subdivision (a). He contended "the intent to sell was pretty self-evident based on what was found" but defendant "was over at Casey's house using" drugs that belonged to Casey. He also claimed the prior conviction evidence was more prejudicial than probative and should be excluded under Evidence Code section 352.

The trial court ruled the prior conviction evidence was admissible to prove defendant's intent to sell and "to rebut the argument that he was accidentally at

4

the home using when the police happened upon the narcotics."  The trial court also found the evidence was not more prejudicial than probative.

At trial, evidence of the prior conviction was introduced, over defendant's continuing objection.  Buena Park Police Officer Pat Carney testified that in 2002 he contacted defendant and two other persons in a motel room.  Officer Carney searched the room and found three small Ziplock baggies, each containing 0.1 grams of methamphetamine, as well as a glass cylinder also containing 0.1 grams of methamphetamine.

Defendant pleaded guilty to possession of methamphetamine for sale in violation of section 11378.  The factual basis in the plea agreement admitted into evidence states:  "On 3/16/02 in O.C., I knowingly possessed a usable quantity of methamphetamine for the purpose of furnishing such to other people."

## DISCUSSION

Defendant contends the trial court erred by allowing the jury to hear evidence of his prior possession for sale conviction under Evidence Code section 1101, subdivision (b).  He argues his prior conviction was not admissible to prove his knowledge, his intent, or a common plan or scheme.  We are not persuaded.

We review the trial court's rulings on the admission prior crimes evidence pursuant to Evidence Code section 1101, subdivision (b) for abuse of discretion.  *(People v. Mungia* (2008) 44 Ca1.4th 1101, 1130.)  Prior crimes "generally cannot be admitted to prove the defendant is disposed to commit crimes.  [Evidence Code s]ection 1101 [, subdivision] (a) codifies this general rule.  Notwithstanding that rule, [Evidence Code] section 1101, subdivision (b) . . . clarifies that [other crimes evidence] can be admitted for *other* relevant purposes, such as proving motive, opportunity, intent, and so on . . . ."  (*People v. Villatoro* (2012) 54 Cal.4th 1152, 1170-1171.)

Along these lines, "[i]n prosecutions for drug offenses, evidence of prior drug use and prior drug convictions is generally admissible under Evidence Code section

5

1101, subdivision (b), to establish that the drugs were possessed for sale rather than for personal use and to prove knowledge of the narcotic nature of the drugs. [Citation.]" (*People v. Williams* (2009) 170 Cal.App.4th 587, 607.)

In this case, the prosecution was required to prove defendant knew of methamphetamine's "nature or character . . . . " (CALCRIM No. 2302.) Defendant argues his "knowledge was a nonissue" because he "was not claiming he was unfamiliar with methamphetamine." But defendant's not guilty plea put in issue every element of the offense. (*People v. Catlin* (2001) 26 Cal.4th 81, 146.) And defendant's tactical decision not to contest one element did not eliminate the prosecution's burden to prove all elements. (*Estelle v. McGuire* (1991) 502 U.S. 62, 69.)

The prosecution was also required to prove that when defendant "possessed the controlled substance, he intended to sell it." (CALCRIM No. 2302.) Defendant claims his prior conviction was not relevant to prove his intent, because it was factually based upon possession for furnishing, not possession for sale. We think this is a distinction without a difference. Defendant's prior conviction was for possession of methamphetamine for sale in violation of section 11378, the same offense charged in the current case.

More importantly, the evil which section 11378 is designed to proscribe is just as surely present when a person furnishes methamphetamine to others for consideration other than cash. Hence there is no reason to believe section 11378 prohibits cash sales only. (Cf. *People v. Lazenby* (1992) 6 Cal.App.4th 1842, 1845.) Neither of the cases cited by defendant holds otherwise. *People v. Fritz* (1970) 11 Cal.App.3d 523 and *People v. Hines* (1968) 260 Cal.App.2d 13 both affirmed convictions under former Health and Safety Code section 11912 which expressly prohibited selling *or furnishing* dangerous drugs to others. So the point is defendant admitted he intended to supply methamphetamine to others rather than simply using it himself. That is enough.

6

Defendant next maintains his prior conviction was not admissible to prove his intent, because the charged offense and prior offense are not sufficiently similar. It is true that, "[i]n order to be admissible to prove intent, the uncharged misconduct must be sufficiently similar to support the inference that the defendant "'probably harbor[ed] the same intent in each instance." [Citations.]'" (*People v. Ewoldt* (1994) 7 Ca1.4th 308, 402.) Then again, it is also true that among the purposes for which other crimes evidence may be admitted, "[t]he least degree of similarity (between the uncharged act and the charged offense) is required in order to prove intent." (*Ibid*.)

Defendant's prior and charged offenses were sufficiently similar to support the inference he probably harbored the same intent. In both instances, he was contacted with two other persons in a dwelling, where four separately but similarly packaged quantities of methamphetamine were found, together with other packaging materials.

Defendant observes the quantities found in this case were large in comparison to the prior case, and none of the other indicia of sales activity found here (torn baggies with burn marks, cigarette lighter, cell phones, scale and cash) were found before. But the comparatively weaker sales indicia found in the prior case only strengthens the inference defendant harbored an intent to sell in the current case.

For all of these reasons, we hold the trial court did not abuse its discretion by allowing the jury to hear evidence of defendant's prior possession for sale conviction. The prior conviction evidence was properly admitted under Evidence Code section 1101, subdivision (b) to prove both knowledge and intent. And, under these circumstances, the trial court properly found the probative value of the prior conviction evidence was not outweighed by a danger of undue prejudice within the meaning of Evidence Code section 352. There was no error. Having reached these conclusions, we need not address any of defendant's other contentions.

## DISPOSITION

The judgment is affirmed.


THOMPSON, J.

WE CONCUR:


MOORE, ACTING P. J.


IKOLA, J.